UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI LACINA,

    Plaintiff,

v.                                                Case No: 8:14-cv-2797-T-30JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER ON MOTION TO SUBSTITUTE PARTY**

THIS MATTER is before the Court on the Unopposed Motion for Substitution of Party filed by Plaintiff's counsel. (Dkt. 21.) Plaintiff's counsel seeks to substitute Reto Lacina, the Plaintiff's husband, as the party plaintiff in this action. Plaintiff, Lori Lacina, filed this action seeking review of the denial of her application for a period of disability, disability insurance benefits, and supplemental security income. Sadly, Lori Lacina passed away during the pendency of this lawsuit. As such, Reto Lacina seeks the Court's permission to proceed on Plaintiff's behalf. The Commissioner does not oppose the motion. (Dkt. 21.)

Federal Rule of Civil Procedure 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). Under the social security laws, 42 U.S.C. § 404(d) provides that a surviving spouse of the deceased as determined by the Commissioner of Social Security shall receive any applicable payment if he or she either: (1) was living in the same household with the deceased at the time of his or her death; or (2) was, for the month in which the deceased individual died, entitled to a monthly benefit on the basis of the same wages and self-employment income as

was the deceased individual. 42 U.S.C. § 404(d)(1). Therefore, Reto Lacina would be a successor in interest to Plaintiff's claim for benefits and entitled to such benefits if it is established that he is Plaintiff's surviving spouse who was living with Plaintiff at the time of her death.

Attached to the Motion for Substitution of Parties is a copy of Plaintiff's death certificate, which lists Plaintiff's spouse as Reto Lacina and lists Plaintiff's residence as the same residence as Reto Lacina and is the same address provided by Reto Lacina in his Notice Regarding Substitution of Party upon Death of Claimant. (Dkt. 21.) The Court finds that the documents establish that Reto Lacina is the surviving spouse of Plaintiff and was residing with Plaintiff at the time of her death. Therefore, the Court finds that Reto Lacina is the proper party to pursue Plaintiff's claim for benefits in this action. Accordingly, it is

**ORDERED** that the Unopposed Motion for Substitution of Party (Dkt. 21) is **GRANTED**. Reto Lacina may proceed on Plaintiff, Lori Lacina's, behalf in this action.

**DONE** and **ORDERED** in Tampa, Florida on October 9, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record